IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| AMANDA RENNER, individually, and as parent and natural guardian of K.S., a minor, | : | |
| Plaintiffs, | : | |
| v. | : | No. __________ |
| POLARIS INDUSTRIES, INC., AND POLARIS, INC., | : | JURY DEMANDED |
| Defendants. | : | |

## COMPLAINT

COMES now the Plaintiff, AMANDA RENNER, individually, and as parent and guardian of K.S., a minor, and files this her Complaint against the Defendants in this cause and would show the Court:

### I. JURISDICTION

1. Plaintiff, at all times pertinent herein, has been a citizen and resident of Savannah, Tipton County, Tennessee. At the time of the incident, the minor Plaintiff, K.S., was under the age of eighteen years at the time of the incident.

2. Defendant, Polaris Industries, Inc. ("Polaris Industries") is a company doing business in the state of Tennessee, incorporated in Minnesota, listed as an active corporation with the Secretary of State, with a principal office located at 1010 Dale Street N. St. Paul, MN 55117-

5603, and a registered agent for service of process of CT Corporation System, Inc. 1010 Dale Street N. St. Paul, MN 55117-5603. The chief executive officer is Michael T. Speetzen, 2100 Highway 55, Medina, NM 55340. Polaris Industries, Inc., is involved with the manufacture of the Ranger side by side vehicles, and sent the Plaintiff a letter about the vehicle defect.

3. Defendant, Polaris, Inc. ("Polaris") is a company doing business in the State of Tennessee, incorporated in Minnesota, listed as an active corporation with the Secretary of State, with a principal executive office located at 2100 Highway 55, Medina, NM 55340, a registered agent of CT Corporation System, Inc., with its office located at 1010 Dale Street N. St. Paul, MN 55117-5603, and the chief executive officer is Michael T. Speetzen, 2100 Highway 55, Medina, NM 55340. Polaris, Inc. manufactures the Ranger side by side vehicles.

4. This cause of action arises out of an incident related to a Ranger 1000 side by side vehicle, manufactured and/or sold by Polaris Industries/Polaris, which occurred on or about August 5, 2021, in Tipton County, Tennessee, and/or as a result of the manufacture and/or sale of a defective and/or unreasonably dangerous product. Jurisdiction and venue are appropriate in this Court, as the cause of action arises out of injuries to a minor, related to the product that was manufactured and/or sold by Polaris Industries/Polaris, in Tipton County, Tennessee. This case is refiled under the savings statute after being voluntary dismissed without prejudice in Case No. 2:22-cv-02628-SHM-atc.

## II. FACTS

5. At the time of the incident complained of herein, the Plaintiff, Amanda Renner and minor Plaintiff, K.S., were members of a family that had purchased a 2021 Ranger 1000, VIN 4XAT6E995M8391493. The Ranger was marketed to them as a family vehicle, to be used by the

family safely without injury, including injury to K.S.

6. Minor Plaintiff, K.S., was driving the 2021 Ranger, when suddenly and without warning, the pedal stuck to the floor of the Ranger and K.S. was unable to slow the side by side, due to the throttle sticking to the base of the Ranger. Because the throttle was stuck, minor Plaintiff K.S. lost control of the Ranger and it flipped three times, throwing her from the vehicle and causing catastrophic injury.

7. Plaintiff, Amanda Renner, was made aware that her child, minor Plaintiff K.S., had been involved in a wreck with the Ranger, and came to the scene. Minor Plaintiff K.S. was transported to the hospital, assessed, and transferred, due to the extent of the trauma, to LeBonheur Children's Hospital in Memphis, where she remained for an extended period of time due to her catastrophic injuries.

8. The Defendants manufactured and/or sold the Polaris Ranger 1000.

9. As a direct and proximate result of the defective throttle in the Polaris Ranger 1000, manufactured and/or sold by Defendants, the minor Plaintiff K.S. suffered severe, painful and permanent physical injuries and damages as hereinafter set forth more specifically, which are currently ongoing.

10. In the alternative, Plaintiff avers that the injuries and damages sustained were caused by the defective and/or unreasonably dangerous product manufactured and/or sold by the Defendants, in that the 2021 Polaris Ranger 1000 was designed with a defective design, for which an alternative design existed, that would have left minor Plaintiff K. S. with more minor injuries than what occurred. The Defendants exercised substantial control over the aspect of the design and manufacture, packaging and labeling of the product that caused the harm *sub judice*.

11. Plaintiff avers that the minor child, K.S., was injured by the 2021 Polaris Ranger 1000 manufactured and/or sold by Defendants.

12. Plaintiff avers that the 2021 Polaris Ranger 1000 was defective and/or unreasonably dangerous beyond that which would be contemplated by an ordinary person, including Plaintiff, and that it was improperly designed and/or manufactured in such a way causing it to be unreasonably dangerous for its designated and intended purpose. It was not labeled with any warnings or other signage that would deter an ordinary individual. The dangerous condition created by the 2021 Ranger 1000, due to the defective throttle, as well as its design, was not apparent, especially to children, including minor Plaintiff, K.S., who was not able to discover and/or comprehend the risk. Defendants maintained substantial control over the forklift bag handler in its design and labeling, including warnings.

13. Plaintiff avers that the subject side by side was manufactured, sold and distributed by Defendants and that said product was purchased and used by Plaintiff and her family, in an unaltered and unchanged condition. Plaintiff avers that the subject side by side was unreasonably dangerous at the time that it left the control of Defendants, and that other designs, methods, standards and techniques existed by other manufacturers or sellers of similar products that were not unreasonably dangerous. Defendants maintained control over the design, manufacture, packaging and labeling of the product.

14. Plaintiff further avers that the subject side by side, purchased and used as described herein was less than ten years old.

15. Plaintiff, several months after her child's injury, received a letter from Defendants dated 12/23/2021, with the VIN number of the subject side by side listed on the letter, advising

that a voluntary recall was taking place by Defendants due to the very issue that had caused injury to minor Plaintiff, K.S., a defective throttle.

16. As a result of the defective and/or unreasonably dangerous nature of the side by side manufactured and/or sold by Defendants, minor Plaintiff K.S. suffered severe injuries and other damages as forth more fully hereinafter.

17. Plaintiff avers that Defendants knew or should have known that minors were likely to use and drive the side by side.

18. Plaintiff avers that Defendants failed to use reasonable care to eliminate the danger or otherwise protect minor Plaintiff, K.S.

19. As a result of the defective and dangerous conditions created by Defendants, minor Plaintiff K.S. suffered severe injuries and other damages as forth more fully hereinafter.

**III.**

**CAUSES OF ACTION AGAINST DEFENDANTS**

20. Plaintiff adopts the paragraphs 1-19 above as if restated herein.

21. Plaintiff sues the Defendants, jointly and severally, under the theories of negligence, gross negligence, misrepresentation, breach of express and implied warranties of merchantability and fitness for a particular purpose and, further, avers that Defendants, jointly and severally, strictly liable, all pursuant to §§T.C.A. §29-28-101, et seq., for the personal injuries, losses, lost wages, medical bills, future medical expenses, and pain and suffering as complained of herein.

22. Plaintiff avers that the Defendants is strictly liable for injuries and losses suffered by the Plaintiff in that the Polaris Ranger was a defective and/or unreasonably dangerous product

when sold, Defendants maintained control of its design and manufacture, and, further, that Defendants insufficiently warned the purchasers and users thereof of the dangers and defects of said Ranger Polaris in its failure to label warnings on the product.

23. Plaintiff avers that the Defendants, through its promotional literature, advertising and instructions to users, promoted the product as being safe for use when the same was untrue, the product having been designed and/or manufactured in such a manner to pose an unreasonable danger to those exposed to it, and, therefore, are liable to the Plaintiff for its negligent and/or intentional misrepresentation.

24. Plaintiff avers further, upon information and belief, that Defendants were on actual and/or constructive notice of the defective and/or dangerous nature of the product and negligently and/or intentionally failed to warn Plaintiff and/or other persons who would come into contact with the product of the defective and/or dangerous nature of the product and failed to take other steps reasonably necessary and foreseeable to protect those who might be exposed thereto, including minor Plaintiff K.S., from harm.

25. Defendants, therefore, are liable for the following acts and/or omissions as defined by the Restatement of Torts, Second;

A. §388. Chattel Known to be Dangerous for Intended Use.

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and,

(c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

B. §394. Chattel known to be Dangerous.

The manufacturer of a chattel which he knows or has reason to know to be, or to be likely to be, dangerous for use is subject to the liability of a supplier of chattels with such knowledge.

C. §395. Negligent Manufacture of Chattel Dangerous Unless Carefully Made.

A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing physical harm to those who use it for a purpose for which the manufacturer should expect it to be used and to use, is subject to liability for physical harm caused to them by its lawful use in a manner and for a purpose for which it is supplied.

D. §402A. Special Liability of Seller of Product of Physical Harm to User or Consumer.

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer or to his property, if

(a) the seller is engaged in the business of selling such a product, and
(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

E. §402. B. Misrepresentation by Seller of Chattels to Consumer

One engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to

the pubic a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though

(a) it is not made fraudulently or negligently, and

(b) the consumer has not bought the chattel from or entered into any contractual relation with the seller.

26. Plaintiff avers that said Defendants by their negligent and/or intentional acts as aforesaid, violated Tennessee Code Annotated §47-2-314 and that said acts constitute negligence *per se*, particularly in the design, manufacture, labeling, and sale of, and with respect to warnings of the dangerous properties of the Polaris Ranger at issue *sub judice*. The act provides:

**T.C.A. §47-2-314. Implied warranty -- Merchantability -- Usage of trade. --**

(1) Unless excluded or modified (§47-2-316), a warranty that the good shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section, the serving for value of food or drink to be consumed either on the premise or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as:

(a) pass without objection in the trade under the contract description; and

(b) In the case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purpose for such goods are used; and

(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) are adequately contained, packaged, and labeled as the agreement may require; and

(f) conform to the promises or affirmation of fact made on the container or label if any.

(3) Unless excluded or modified (§47-2-316) other implied warranties may arise from course of dealing or usage of trade.

27. Plaintiff avers that said Defendants violated Tennessee Code Annotated, §47-2-313, which the Defendants violated, by making certain express warranties as shown through advertisements, catalogues and website for order of the product and by the information provided with the product at or about the time of its sale, which warranties proved to be false and/or that the said Defendants violated or breached. That act provides:

**T.C.A. §47-2-313. Express warranties by affirmation, promise, description, sample. --**

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the sellers to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

28. Plaintiff avers that there was in existence, T.C.A. §47-2-315, Implied warranty -- Fitness for particular purpose, and that the Defendants breached such implied warranty, as the product as sold was not fit for the purpose for which it was sold, a Polaris Ranger, that could be used and handled safely, but was defective and/or dangerous and caused serious injury to minor Plaintiff K.S.:

**T.C.A. §47-2-315, Implied warranty -- Fitness for particular purpose. --** Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the sellers' skill or judgment to select or

> furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

29. Plaintiff avers that the Defendants were negligent, and/or reckless in that Defendants failed to properly design, formulate, manufacture, make, monitor, test, warn about, and/or instruct in the use of, the product, and as a result, sold the product that was unreasonably dangerous and/or defective for use by its consumers, including Plaintiff.

30. As a direct and proximate result of the causes of action set forth above, minor Plaintiff, K.S., suffered catastrophic injuries for which her parents, on her behalf and individually, are entitled to an award in favor of K.S. and Plaintiff, against Defendants, jointly and severally, for compensatory damages in an amount to be determined by jury not to exceed FIVE MILLION DOLLARS ($5,000,000) for the personal injuries, losses, lost wages, medical bills, future medical expenses, and pain and suffering as complained of herein.

31. As a direct and proximate result of the gross negligence and strict liability as set out above, minor Plaintiff, K.S., suffered catastrophic injuries for which her parents, on her behalf and individually, are entitled to an award in favor of K.S. and Plaintiff, against Defendants, jointly and severally, for punitive damages in an amount to be determined by jury for the personal injuries, losses, lost wages, medical bills, future medical expenses, and pain and suffering as complained of herein.

## IV.

## TENN. CODE ANN. §29-39-102 IS UNCONSTITUTIONAL ON ITS FACE

32. Plaintiff hereby provide notice to all interested parties that Tenn. Code Ann. §29-39-102 is unconstitutional on its face, and that the Tennessee Constitution and U.S. Constitution

demand that damages be assessed, in whole, by a jury and not be legislative bodies.

## V. DAMAGES

33. As a direct and proximate result of the aforementioned acts and omissions of common law, gross and statutory negligence on the part of the Defendants, jointly and severally, and/or manufacture or sale of the defective and/or unreasonably dangerous product, and other violations hereinabove, your minor Plaintiff K.S., was caused to suffer severe and permanent injuries, including but not limited to, the following:

(a) severe, painful and permanent injuries to the head, neck, arm, soft tissue, nerves, and body of minor Plaintiff K.S.;

(b) painful bruises and abrasions over various parts of her anatomy;

(c) disturbance of the nervous system;

(d) fright and serious shock;

(e) great physical pain and mental suffering;

(f) loss of wages of Plaintiff, Amanda Renner;

(g) impaired future earning capacity;

(h) inability to enjoy the normal pleasures of life;

(i) expenses for medical, hospital, dentists, doctors, nurses, pharmaceutical and other special services, both incurred and to be incurred in the future;

(j) expenses for transportation, parking and other expenses incurred as a result of this collision;

(k) disfigurement;

(l) Permanent impairment; and

(m) other damages which will be proven at trial.

34. As a direct and proximate result of the aforementioned acts and omissions of common law, gross and statutory negligence on the part of the Defendants, jointly and severally, and/or manufacture or sale of the defective and/or unreasonably dangerous product, and other violations hereinabove, your minor Plaintiff, K.S., was caused to suffer injuries, including but not limited to payment of past, present and future medical bills for the minor Plaintiff, lost wages, mileage, loss of consortium of their child, minor Plaintiff K.S., *Eskin* damages as to Plaintiff, Amanda Renner, and other damages to be proven at trial.

WHEREFORE, your Plaintiff, Amanda Renner, sues on behalf of her minor child, for such compensatory and punitive damages as a result of minor Plaintiff K.S.'s personal injuries, and other special damages that she has suffered as may appear reasonable to the court and jury in an amount not to exceed FIVE MILLION DOLLARS ($5,000,000.00).

WHEREFORE, your Plaintiff, Amanda Renner, sues individually for such compensatory damages and punitive damages as a result of *Eskin* damages, loss of consortium, medical bill damages, and other special damages that she has suffered as may appear reasonable to the court and jury in an amount not to exceed FIVE MILLION DOLLARS ($5,000,000.00).

WHEREFORE, your Plaintiff respectfully demands that a jury be empaneled to hear this cause when the issues are joined and reserve the right to amend her *ad damnum* and Complaint as further and other facts become known.

RESPECTFULLY SUBMITTED this the 3rd day of October, 2024.

HARRIS SHELTON HANOVER WALSH, PLLC

BY: /s/ Amber Griffin Shaw
AMBER GRIFFIN SHAW (#026337)
Attorney for Plaintiffs
Suite 202, Hotel Lindo Bldg.
114 West Liberty Avenue
Covington, TN 38019-0846

The undersigned recognizes that our offices are surety for all ordinary court costs and taxes pursuant to Tenn. Code Ann.§20-12-120 not to exceed One Thousand Dollars ($1,000.00).

/s/ Amber Griffin Shaw
Amber Shaw